UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| **WAYMAN THOMAS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CAUSE NO. 3:06-CV-184 AS** |
| **v.** ) | |
| ) | |
| **TIM TIMKO,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

*OPINION AND ORDER*

Wayman Thomas, a *pro se* prisoner, submitted a complaint under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. PRO. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. The court applies the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). *Weiss v. Colley*, 230 F.3d 1027 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
>     In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum

and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Thomas alleges that he was subjected to an excessive use of force on December 4, 2003 and that he was denied medical treatment from then until December 8, 2003. These claims are barred by the statute of limitations. Though the statute of limitations is an affirmative defense, "when the existence of a valid affirmative defense is so plain from the face of the complaint that the suit can be regarded as frivolous, the district judge need not wait for an answer before dismissing the suit." *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002).

Because there is no federal statute of limitations for § 1983 actions, courts apply the most appropriate state statute of limitations. Section 1983 claims are considered as personal injury claims for purposes of determining the applicable state statute of limitations. *Wilson v. Garcia*, 471 U.S. 261 (1985). The Indiana statute of limitations applicable to § 1983 actions is the two-year period found in IND. CODE § 34-11-2-4. *Campbell v. Chappelow*, 95 F.3d 576, 580 (7th Cir. 1996).

In this case, Mr. Thomas signed his complaint on March 10, 2006, but the time for presenting these claims expired in December 2005. For the foregoing reasons, this case is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

    **IT IS SO ORDERED.**

    ENTERED: March __17__, 2006

                          **S/ ALLEN SHARP**
                           **ALLEN SHARP, JUDGE**
                           **UNITED STATES DISTRICT COURT**